**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**GEORGIA ANDERSON, ROBERT
BENTLEY, all unknown parties,
AND ALL PLAINTIFFS
REFLECTED IN EXHIBIT "A" TO THE
COMPLAINT**                                                                                          **PLAINTIFFS**

**VERSUS**                                                         **CIVIL ACTION NO. 4:02cv55-P-B**

**FIRST FAMILY FINANCIAL SERVICES,
INC., et al**                                                                                       **DEFENDANTS**

**ORDER**

This cause is before the Court on the plaintiffs' Motion for Voluntary Dismissal of Certain Plaintiffs [82-1]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiffs seek dismissal without prejudice of Johnnie Conner as a party plaintiff. Plaintiffs aver that Conner was inadvertently added as a plaintiff in this enormous civil action and they seek his dismissal because he is also a party to another case currently pending in the Circuit Court of Washington County, Mississippi, e.g., Conner, et al v. First Family, et al, CI-2001-25. Defendants object to Conner's dismissal on numerous grounds, the most important of which is their counterclaim which defendants submit affords them a complete defense against Conner's claims.

Rule 41(a)(2) of the Federal Rules of Civil Procedure governs plaintiffs' request for dismissal. Where a defendant has filed a counterclaim prior to service of a motion to dismiss, "the action shall not be dismissed against the defendant's objection unless the counterclaim can remain

pending for independent adjudication by the court." The defendant's counterclaim is inextricably linked to Conner's claims against the defendants; it would result in an inefficient use of the court's limited judicial resources to address only the counterclaim.[1] Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiffs' Motion for Voluntary Dismissal of Certain Plaintiffs [82-1] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 21st day of April, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The existence of the parallel state court action is not a sufficient basis for dismissal of Conner. Normally, such actions proceed apace; it is yet to be determined which court will win the "race to judgment." Royal Ins. Co. of America v. Quinn-L Capital Corp., 960 F.2d 1286 (5th Cir. 1992).