**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**GEORGIA ANDERSON, et al**                                                **PLAINTIFFS**

**VERSUS**                                                                **CIVIL ACTION NO. 4:02CV55-P-B**

**FIRST FAMILY FINANCIAL SERVICES, INC., et al**                 **DEFENDANTS**

**<u>ORDER</u>**

This cause is before the Court on the defendant First Family Financial Services, Inc.'s Motion(s) for Summary Judgment ([121] and [123]) as to Certain Plaintiffs. The Court, having reviewed the motions, the responses, the briefs of the parties and the authorities cited, finds as follows, to-wit:

While this case initially involved hundreds of plaintiffs, many of those individuals have been dismissed from this case by virtue of numerous prior orders. The claims of only a few remain to be adjudicated. Defendant Kentucky Finance seeks summary judgment against three of the remaining plaintiffs, Henry Earl Cooper, Arel Rashad Cox and Joy Higgins, based on a statute of limitations defense.

The parties are in agreement that Mississippi's residual statute of limitations, as codified at Mississippi Code Annotated § 15-1-49, governs the instant action. That statute provides for a three-year limitations period.

Plaintiffs filed their complaint on February 20, 2002 complaining of alleged wrongdoing arising out of the sale of credit insurance in connection with the extension of consumer credit. In order for plaintiffs' claims to have been timely asserted, their claims must have arose no later than

February 20, 1999.[1]  None of the remaining plaintiffs obtained a loan from the defendant within the applicable statutory period.[2]  Furthermore, the Court has considered and rejected the plaintiffs' argument that their claims are timely by virtue of § 15-1-67's tolling mechanism.  Plaintiffs are simply incapable of proving the requisite elements of fraudulent concealment–e.g., a subsequent affirmative act of concealment by defendants and due diligence on the part of the plaintiffs.  Boone v. Citigroup, Inc., 416 F.3d 382, 390 (5th Cir. 2005); Ross v. Citifinancial, Inc., 344 F.3d 458, 464 (5th Cir. 2003).  See also Andrus v. Ellis, 887 So.2d 175, 181 (Miss. 2004).  Based on the foregoing facts and the controlling legal authorities, the Court concludes that plaintiffs' claims are time-barred.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant First Family Financial Services, Inc.'s Motion(s) for Summary Judgment as to Certain Plaintiffs ([121] and [123]), are well-taken and should be, and hereby are, GRANTED.  IT IS FURTHER ORDERED that the claims of Henry Earl Cooper, Arel Rashad Cox, and Joyce Higgins should be, and hereby are, DISMISSED WITH PREJUDICE.

SO ORDERED, this the 27th day of January, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The statute of limitations begins to run at the time of purchase in cases involving fraud in the sale of insurance policies.  Dunn v. Dent, 153 So. 798, 798-99 (Miss.1934).

[2] Plaintiffs entered into loan transactions with the defendant on the following dates:

| | |
|---|---|
| Henry Earl Cooper: | September 20, 1993 |
| Arel Rashad Cox: | November 12, 1997 |
| Joyce Higgins: | December 6, 1991 |
| | October 21, 1994 |