IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GEORGIA ANDERSON, et al                                        PLAINTIFFS

VERSUS                                         CIVIL ACTION NO. 4:02CV55-P-B

FIRST FAMILY FINANCIAL SERVICES, INC., et al                   DEFENDANTS

**ORDER**

This cause is before the Court on the defendant's Motion for Summary Judgment as to Certain Plaintiffs [147-1]. The Court, having reviewed the motion, the defendant's brief,[1] the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendants seek summary judgment on grounds of judicial estoppel based on the failure of certain plaintiffs[2] to schedule or otherwise disclose their claims against First Family Financial Services, Inc. (hereafter First Family) during the pendency of their bankruptcy cases. Each of said plaintiffs sought protection under either Chapter 7 or Chapter 13 of the bankruptcy code immediately prior to the filing of the Complaint or sometime during the pendency of this action.[3] In reliance on

---

[1] Plaintiffs failed to file a response in opposition to the instant motion.

[2] The plaintiffs targeted by this motion are Albert J. Bell, Patricia Butler, Jestine Cummings, Bobby Fair, Vivian O. Hearvey, Donnie Ray Jackson, Joanna Jackson (aka Joanna Jackson Taylor), Brenda Lee Powell Johnson, Bobby Patton, Flora Person, Flora Singleton, Janet Tripplett, Ora Ward, Jennie Ware, Neal Warren, Georgia G. Washington and King David Watkins.

[3] Plaintiffs initiated this lawsuit by filing a complaint on February 20, 2002. Plaintiffs filed their petitions in bankruptcy and received a discharge/confirmed their plans on the following dates:

1

the plaintiffs' disclosures, the bankruptcy court granted discharges and/or confirmed Chapter 13 plans for each of the plaintiffs. Suber received a discharge on August 6, 2003, and the bankruptcy case was closed on January 31, 2004.

Judicial estoppel is a equitable doctrine which prevents a party from asserting inconsistent positions in legal proceedings. In re Coastal Plains, 179 F.3d 197, 205 (5th Cir. 1999). Id. The doctrine has been employed to prevent parties from pursuing legal claims when the parties fail to disclose those claims in bankruptcy proceedings. Casey v. Peco Foods, 297 B.R. 73 (S.D. Miss. 2003). Debtors in a bankruptcy proceeding have a duty to disclose all assets, including contingent and unliquidated claims. 11 U.S.C. § 521(1). Furthermore, in a Chapter 13 bankruptcy proceeding, all assets of the debtor belong to the estate, including interest in property acquired after the commencement of the estate. 11 U.S.C. § 541(a)(7). Thus, the duty of disclosure in bankruptcy

|  | Bankruptcy Petition | Discharge/Confirmation |
|---|---|---|
| Albert J. Bell: | June 14, 2004 | September 20, 2004 |
| Patricia Butler | January 18, 2002 | June 7, 2002 |
| Jestine Cummings | June 7, 2004 | October 5, 2004 |
| Bobby Fair | March 25, 2002 | July 24, 2002 |
| Vivian O. Hearvey | March 22, 2004 | July 23, 2004 |
| Donnie Ray Jackson | November 27, 2002 | March 19, 2003 |
| Joanna Jackson (Taylor) | May 20, 2002 | September 17, 2002 |
| Brenda Lee Powell Johnson | December 8, 2003 | June 23, 2004 |
| Bobby Patton | May 12, 2004 | August 17, 2004 |
| Flora Person | January 16, 2003 | April 24, 2003 |
| Flora Singleton | November 14, 2001 | April 9, 2002 |
| Janet Triplett | December 2, 2002 | March 18, 2003 |
| Ora L. Ward | November 24, 2003 | March 11, 2004 |
| Jennie M. Ware | July 28, 2004 | December 2, 2004 |
| Neal R. Warren | August 30, 2004 | January 31, 2005 |
| Georgia G. Washington | July 7, 2003 | October 24, 2003 |
| King David Watkins | March 4, 2002 | May 10, 2002 |

proceedings is a continuing one. Coastal Plains, 179 F.3d at 208.

Judicial estoppel applies when two elements are present: 1) the position of the party to be estopped is clearly inconsistent with its previous one; and 2) that party must have convinced the court to accept the previous position. Based on Fifth Circuit precedent, Coastal Plains, 179 F.3d at 210, the Court has no choice but to conclude that the first element, that of inconsistent positions, has been satisfied. The plaintiffs' claims are based on loan transactions that arose prepetition. This was sufficient to trigger the plaintiffs' duty to disclose the potential claims to the bankruptcy court. Notwithstanding that fact, each of the plaintiffs represented to the bankruptcy court that they had no potential causes of action against First Family, a position which is clearly inconsistent with his subsequent filing of a complaint in the Circuit Court of Washington County on February 20, 2002. Casey, 297 B.R. at 77.

Moreover, the second element has been satisfied as well. It is evident that the bankruptcy court relied on plaintiffs' schedules in granting discharges and/or approving proposed Chapter 13 plans.

Plaintiffs can avoid judicial estoppel only if they can establish that their nondisclosure was inadvertent. A debtor's "failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." Coastal Plains, 179 F.3d at 210 (emphasis in original). Plaintiffs cannot credibly claim to have lacked knowledge of the lawsuit or the claims they assert against First Family; nor can they disavow any motive to conceal their claims. See Burnes v. PEMCO Aeroplex, Inc., 291 F.3d 1281 (11th Cir. 2002).

3

By failing to disclose their potential causes of action against First Family to the bankruptcy court, plaintiffs have been able to secure a discharge in bankruptcy and keep the full benefit of any potential recovery on the cause of action for themselves, precisely the result that the doctrine of judicial estoppel is intended to prevent. In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004) (quoting from Payless Wholesale Distrib., Inc. v. Alberto Culver (P.R.) Inc., 989 F.2d 570, 571 (1st Cir. 1993)). The Court concludes that the doctrine of judicial estoppel operates as a bar to plaintiffs' continued prosecution of this case; accordingly, the defendant's motion is well-taken and should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion for Summary Judgment [147-1] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that the claims of Albert J. Bell, Patricia Butler, Jestine Cummings, Bobby Fair, Vivian O. Hearvey, Donnie Ray Jackson, Joanna Jackson (aka Joanna Jackson Taylor), Brenda Lee Powell Johnson, Bobby Patton, Flora Person, Flora Singleton, Janet Tripplett, Ora Ward, Jennie Ware, Neal Warren, Georgia G. Washington and King David Watkins. should be, and hereby are, DISMISSED WITH PREJUDICE.

SO ORDERED, this the 27th day of January, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE